UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 05-1046(E)  DSF | | Date | December 8, 2008 |
|---|---|---|---|---|

| Present: The Honorable | DALE S. FISCHER, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | N/A |

| DEBRA PLATO | NOT PRESENT | DANIEL SAUNDERS<br>KEVIN LALLY<br>(NOT PRESENT) |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1) ANTHONY PELLICANO | NOT | X | | 1) PRO SE | | | |
| 2) MARK ARNESON | NOT | | X | 2) CHAD HUMMEL | NOT | | X |
| 3) RAYFORD EARL TURNER | NOT | | X | 3) MONA SOO HOO | NOT | | X |
| 4) KEVIN KACHIKIAN | NOT | | X | 4) ADAM BRAUN | NOT | | X |
| 6) ABNER NICHERIE | NOT | | X | 6) LAWRENCE SEMENZA | NOT | | X |

| Proceedings: | (In Chambers) Order DENYING Defendant Mark Arneson's Motion for New Trial (Docket No. 1651) |
|---|---|

    Before the Court is defendant Mark Arneson's motion for a new trial. For the reasons given below, the motion is DENIED.

    A Court may set aside a jury verdict and order a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Motions for new trial should only be granted "in exceptional circumstances in which the evidence weighs heavily against the verdict." United States v. Chen, 754 F.2d 817, 821 (9th Cir. 1985).

Prosecutorial Misconduct

    Arneson raises several issues of alleged prosecutorial misconduct in support of his motion. The majority of the alleged misconduct – the questioning of Detective Lim, the failure to produce Arneson's recorded statement given to Internal Affairs, the cross-examination of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Arneson related to the Internal Affairs investigation, and the questioning of Arneson related to his bankruptcy filing – have been previously addressed by orders of this Court. After review of the parties' arguments, the Court remains satisfied with its treatment of these issues.

Arneson claims that the government both misstated RICO law and improperly vouched that Arneson was not credible during its closing argument. Neither point is persuasive. The purpose of the enterprise discussed by the government in its closing argument – gathering information regarding defendant Anthony Pellicano's investigative targets – is substantially similar to what is pleaded in the indictment. (See Fifth Superseding Indictment ¶ 15(a).) The government's argument related to Arneson's veracity on the witness stand was well within the range of acceptable behavior. The government is entitled to argue based on evidence that a witness is not to be believed. There is no indication that the government was asking the jury to disbelieve Arneson because the individual prosecutors did not believe him. To the contrary, the government argued that Arneson should not be believed because of – among other things – inconsistencies in his testimony and a failure of his testimony to comport with other evidence in the case.

Juror Misconduct

Arneson's allegations of juror misconduct are rejected for largely the same reasons given in the Court's order denying defendant Pellicano's motion for new trial. Arneson's argument that the Court was required to conduct an investigation into the alleged sleeping of the jury foreperson is unpersuasive for two reasons. First, the declaration cited in support of Arneson's argument is barred by Federal Rule of Evidence 606(b) as testimony of a juror used to impeach the verdict. Evidence that a juror was sleeping does not fall within one of the limited exceptions to Rule 606(b). See Tanner v. United States, 483 U.S. 107, 126 (1987). Second, during trial the Court raised the issue that the foreperson was not feeling well and was closing her eyes. The Court gave all parties an opportunity to address the issue and everyone – including Arneson – declined. (See Trial Tr. Vol. 13, 4-5, March 27, 2008 (A.M.).) Arneson also claims that a prosecutor's remark to Arneson's counsel that the government would charge Arneson with perjury constitutes "unauthorized communication with a juror" because it was overheard by one or more jurors. Unauthorized communication with a juror by a government attorney is presumptively prejudicial. See Mattox v. United States, 146 U.S. 140, 150 (1892). However, a remark that is not directed to a juror, but, rather, is merely overheard by a juror cannot reasonably be called communication with that juror. See id. (presumption of prejudice applies to "private communications" with jurors). Further, the Court issued a curative instruction immediately after the incident and continues to find that the instruction was the appropriate response.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Polygraph Evidence

     The Court sees no reason to alter its three prior decisions regarding the admissibility of certain polygraph evidence and incorporates the reasoning of those orders here.

Good Faith Instruction

     As the Court has previously found, no good faith instruction is warranted when the jury is properly instructed as to intent to defraud.  See also United States v. Shipsey, 363 F.3d 962, 967 (9th Cir. 2004).

Severance

     Arneson's pre-trial motion to have his trial severed from that of defendant Pellicano – based largely on Pellicano's pro se status – was denied.  Arneson now claims that Pellicano's conduct in the trial has borne out Arneson's pre-trial concerns and that several unfairly prejudicial items came into evidence due to Pellicano's self-advocacy.  The Court rejects this argument.  First, Arneson did not object to the evidence at issue at the time it was admitted.  Second, any prejudice suffered by Arneson (or his other co-defendants) is similar to any multi-defendant case where a somewhat inartful attorney represents one of the defendants.  Third, the selective nature of the verdict – with defendants Rayford Turner and Kevin Kachikian acquitted on several counts each – suggests that the jurors did not apply "guilt by association" to the defendants, but rather looked at the merits of each charge against each charged defendant.  Fourth, Pellicano conducted himself in a consistently responsible and professional manner during the trial and other proceedings in this matter.  This was not a case in which a pro se defendant turns the proceedings into a "zoo," but rather a situation where a defendant chose to exercise his right to self-representation in the most effective manner that he could.  Based on the Court's observation of the trial, denial of a severance of Arneson's trial from that of Pellicano was not unduly prejudicial to Arneson.

Cumulative Error

     As the Court finds that the alleged errors cited by Arneson either were not errors or were properly handled by curative instructions or exclusion of certain evidence, a new trial is not warranted based on cumulative error.

     Arneson's motion for a new trial is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

IT IS SO ORDERED.

Initials of Deputy Clerk ___